UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NOSAW (Neighbors Organized to Save
Amherst's Wetlands), et al.,

                             Plaintiffs,

            -vs-                                        07-CV-297-JTC

ACQUEST WEHRLE, LLC, et al.,

                             Defendants.

_____

        Several individual residents of the Town of Amherst, New York, members of an

unincorporated citizen watchdog association called "Neighbors Organized to Save

Amherst's Wetlands" ("NOSAW"), filed this action for declaratory and injunctive relief and

civil monetary penalties pursuant to the citizen suit provisions of the Clean Water Act

("CWA"), 33 U.S.C. § 1365, seeking to enforce the CWA's permit requirements as they

apply to the development of an office park on contiguous parcels of property owned by

defendant Acquest Wehrle LLC,[1] located at 2190 and 2220 Wehrle Drive in Amherst.

Plaintiffs have filed a motion (Item 25) for partial summary judgment on liability for the

CWA violations alleged in the complaint, and defendants have responded by filing a cross-

motion  (Item 27) for summary judgment dismissing the complaint.

        For the reasons that follow, these motions are denied.

_____

        [1]Also named as defendants are William L. Huntress, Acquest Development, Inc., Acquest
Development Company, and Niskayuna Square LLC.

## BACKGROUND

The proposed office park development at issue in this action has been the subject of multiple proceedings dating back to the early 1990s involving municipal, state, and federal agencies, including prior and ongoing federal and state court litigation.  At the heart of the dispute is the nature and disposition of wetlands situated on the defendants' 25-acre Wehrle Drive property.

As set forth in the complaint, field investigations conducted in July 2002 by the United States Army Corps of Engineers (the "Corps") and the United States Environmental Protection Agency (the "EPA") resulted in the determination that approximately 9.5 acres of wetlands exists on the office park project site (Item 1, ¶ 25).  Subsequently, in November 2002 the EPA issued a "Jurisdictional Determination and Special Case Designation for Wetlands and Aquatic Areas at 2220 Wehrle Drive, Amherst, New York," which stated as follows:

> EPA has determined that this wetland is subject to jurisdiction under the Clean Water Act (CWA) because it has a surface hydrological connection through a watercourse originating in the wetland, through ditches and a culvert into Ellicott Creek, to the Niagara River, a traditional navigable water. Further, the wetland can be considered to be adjacent to Town Ditch 18 and subject to CWA jurisdiction on this basis as well.  Based on these conclusions, EPA has determined that there are approximately 9.5 acres of CWA jurisdictional wetlands on the parcel at 2220 Wehrle Drive.

(No. 06-CV-654-JTC, Item 1, Ex. 11, p. 2).[2]  The Jurisdictional Determination advised that any discharge of dredged or fill material into the wetlands on the project site must be

---

[2]Some of the facts set forth in this background section are derived from the pleadings in *Acquest Wehrle LLC v. United States of America, et al.*, No. 06-CV-654-JTC, a parallel action pending in this court in which Acquest has challenged the EPA's jurisdictional determination with respect to the Wehrle Drive property.  As noted by the court in an order in that case dated June 20, 2008, the facts pertaining to the various agency determinations relating to defendants' proposed office park development are largely a matter of historical public record.

accomplished in accordance with the permit requirements of CWA Section 404(a) (33 U.S.C. § 1344(a)) (*id.* at p. 3).

In March 2006, after extensive discussions with appropriate agency officials and upon submission of several further site plan revisions, Acquest obtained a "Provisional Department of the Army Permit" to place fill in approximately 2.9 acres of wetlands on the Wehrle Drive property (*id.* at Ex. 13).  As explained in the March 14, 2006 transmittal letter:

> The provisional permit is **NOT VALID and does <u>not</u> authorize you to do your work.**  The provisional permit describes the work that will be authorized, and the General and Specific Conditions that will be placed on your final Department of the Army (DA) permit if the State of New York requirements are satisfied as described below. **No work is to be performed in the waterway or any wetlands until you have received a validated copy of the DA permit.**

(*Id.*).  The letter went on to explain that the provisional permit would not become final until the New York State Department of Environmental Conservation ("DEC") issued a water quality certification, or waived that requirement (*id.*).

In July 2006, the Corps conducted an inspection of the Wehrle Drive property which revealed that Acquest had performed "mechanized landclearing resulting in an unauthorized discharge of fill material and impacts to an area previously determined by the [EPA] to be Federal wetlands regulated under Section 404 of the Clean Water Act."  (No. 06-CV-654-JTC, Item 15, Ex. 3, p. 1).  The Corps rescinded Acquest's provisional permit, withdrew the permit application, and referred the matter to the EPA for potential enforcement action (*id.*).  Upon inspection of the property in January 2007, EPA reported that at least 7 acres of the site had been completely cleared of all woody and herbaceous vegetation, "including in excess of 3.5 acres of clearing within jurisdictional wetlands."  (*Id.*

at Ex. 4, p. 2).  As a result, in May 2007, the EPA issued an administrative compliance order to Acquest pursuant to its authority under CWA Section 309(a) (33 U.S.C. § 1319(a)), requiring Acquest (among other things) to cease discharges of dredged or fill material into the wetlands on the Wehrle Drive property, and to restore portions of the wetlands affected by fill activity (*id*).

Meanwhile, on May 8, 2007, plaintiffs filed the complaint in this action alleging that Acquest's landclearing activity in July 2006, as well as additional construction activity in October 2006, has resulted in discharges of dredged or fill material into the Wehrle Drive wetlands without a valid permit, in violation of the requirements of CWA § 404 and implementing regulations.  Plaintiffs also allege that the construction activity at the site has resulted in discharges of stormwater without a valid permit, or in excess of the permit limits, in violation of the requirements of CWA § 402 (as delegated to New York State under its State Pollution Discharge Elimination System ("SPDES") program).

Upon joinder of issue, the court conducted a pretrial conference during which plaintiff's counsel indicated that he intended to file a motion for preliminary injunctive relief. The court subsequently granted several extensions of the time within which to file the motion, but no such motion was ever filed.

Instead, on September 24, 2008, plaintiffs filed a motion for partial summary judgment on the ground that there are no genuine issues of material fact with respect to Acquest's liability under the CWA for discharge of fill material and stormwater into the federally regulated wetlands without valid permits, or in excess of permit limits.  In support of the motion, plaintiffs have submitted a 29-page "Memorandum of Law" (Item 25-1) and a "Statement of Undisputed Facts" (Item 25-2).  Defendants respond that plaintiff's motion

should be denied for failure to comply with the Local Rules of Civil Procedure governing the form and content of motion papers, and for failure to demonstrate that the CWA even applies to the property at issue.   Defendants also cross-move for summary judgment dismissing the complaint.

For the reasons that follow, the court denies both motions.

## DISCUSSION

**I.      Plaintiffs' Motion for Partial Summary Judgment**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a).  Similarly, "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b).  "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Ordinarily, this burden may be carried by submitting "affidavits made on personal knowledge, set[ting] out facts that would be admissible in evidence . . . ." Fed. R. Civ. P. 56(e).  However, as explained by the Supreme Court in *Celotex*, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard

for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex*, 477

U.S. at 323.

In support of their motion in this case, plaintiffs rely on the factual assertions set

forth in their lengthy "Memorandum of Law" and "Statement of Undisputed Facts," raising

questions of compliance with several provisions of the Local Rules of Civil Procedure for

the Western District of New York.  Specifically, Local Rule 7.1 provides:

> (e)  Absent leave of Court, or as otherwise specified in this rule, upon any motion filed pursuant to Federal Rules of Civil Procedure . . . 56 . . . , the moving party shall file and serve with the motion papers a memorandum of law and an affidavit in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit.  Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party.

> (f) Without prior approval of the Court, briefs or memoranda in support of or in opposition to any motion shall not exceed twenty-five pages in length and reply briefs shall not exceed ten pages in length . . . .

Local Rule 56.1 provides:

STATEMENTS OF FACTS ON MOTION FOR SUMMARY JUDGMENT

> (a)  Upon any motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

> (b)  The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

> (c)  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

(d)  Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)....

W.D.N.Y. Local Rule of Civil Procedure 56.1.

As indicated, plaintiffs have not submitted a supporting affidavit as required by Local Rule 7.1(e), nor did they obtain the court's approval to exceed the page limit for briefing set by Local Rule 7.1(f).  Plaintiffs did submit a Local Rule 56.1 statement, but none of the 34 separate factual averments contain a citation to evidence which the court might consider as "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  As explained by the Second Circuit (interpreting substantially similar language of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York):

> The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.  The local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.

*Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) (citations omitted).

Of course, the district court has broad discretion to determine whether to overlook a party's failure to comply with local procedural rules.  *Id*. at 73.  Here, however, not only have plaintiffs failed to provide an affidavit or affirmation with citations to evidentiary proof supporting their factual assertions, but -- rather remarkably -- their 29-page brief contains no case law or other pertinent legal authority (beyond lengthy recitation of statutory and regulatory provisions) to support their request for relief.  Needless to say, this makes the

court's task of determining whether the standards for summary judgment under Rule 56 have been met difficult, if not impossible.

The difficulty is compounded by the nature of the relief requested in this case, requiring the court to consider, at the summary judgment stage, the standards for determining liability in a citizen suit between private parties for injunctive relief and penalties under the Clean Water Act.  The court now briefly turns its attention to these standards.

## II.     Citizen Suits Under the Clean Water Act

The CWA prohibits the discharge of pollutants or fill materials into the navigable waters of the United States, including wetlands, unless authorized by a permit.  *See* 33 U.S.C. §§ 1342 (Permits for discharge of pollutants), 1344 (Permits for dredged or fill material); 33 C.F.R. § 328.3(a)(3); *see also Orange Environment, Inc. v. County of Orange*, 811 F. Supp. 926, 929 (S.D.N.Y. 1993).  Under the "citizen suits" provision of the CWA, "any citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of" this prohibition.  33 U.S.C. § 1365(a).

To establish Acquest's liability for the CWA violations alleged in the complaint in this citizen suit, plaintiffs must ultimately be able to demonstrate by a preponderance of the evidence that: (1) the Wehrle Drive property contains wetlands; (2) Acquest discharged pollutants or fill materials into the wetlands; and (3) Acquest had no valid "fill' or "pollution discharge" permit.  *See Orange Environment*, 811 F. Supp. at 929; *see also Stoeco Dev. v. Dept. of Army Corps of Eng'rs*, 792 F. Supp. 339, 344 (D.N.J. 1992).  With regard to the first factor, defendants challenge  the EPA's "jurisdictional wetlands" determination, and

in fact have moved for summary judgment in their favor on the ground that the Wehrle Drive property does not contain federally regulated wetlands.

As a general matter, where agency action has been challenged in a citizen suit brought under the CWA, the appropriate scope of judicial review is the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).  *See, e.g., Park v. United States*, 286 F. Supp. 2d 201, 206 (D.P.R. 2003).[3]  Although review under this standard is necessarily narrow, the court must ultimately make a "searching and careful" inquiry into the facts underlying the agency's determination.  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).  Implicit in this requirement is that the administrative record be submitted to the court in some fashion to enable the type of review contemplated by the APA.

In the absence of any such submission, and in the absence of any further indication in the materials on file that plaintiff can produce evidentiary proof of Acquest's liability under the CWA, this court is in no position at this time to find that plaintiffs are entitled to judgment as a matter of law.  Accordingly, plaintiffs' motion for partial summary judgment is denied.

---

[3]In its June 20, 2008 order in *Acquest Wehrle LLC v. United States of America, et al.*, No. 06-CV-654-JTC, this court found that neither the EPA's November 2002 jurisdictional determination nor the EPA's May 2007 compliance order constituted "final agency action" subject to judicial review under the APA.

### III.     Defendants' Cross-Motion for Summary Judgment

Defendants seek summary judgment in their favor dismissing the complaint on the ground that plaintiffs have failed to demonstrate that the Wehrle Drive property contains wetlands subject to the CWA's permit requirements.  Defendants bolster this contention with the affidavit of "Senior Soil Scientist" Scott J. Livingstone, employed by Earth Dimensions, Inc., expressing the opinion that the Wehrle Drive property does not contain federally regulated wetlands.

As discussed above (and aside from any procedural issues that might be raised with respect to the submission of an "expert" affidavit as admissible evidence on a motion for summary judgment), Acquest's challenge to the EPA's jurisdictional determination requires careful scrutiny of the facts presented to the agency, a task made impossible in this case by the parties' failure to submit the administrative record for review.  The court "does not sit as a super-agency empowered to substitute its scientific expertise or testimony presented to it *de novo* for the evidence received and considered by the agency . . . ." *Sierra Club v. U.S. Army Corps of Engineers*, 701 F.2d 1011, 1029 (2d Cir. 1983), *quoted in Coalition on West Valley Nuclear Wastes v. Bodman*, 2007 WL 2892628, at *6 (W.D.N.Y. September 28, 2007).

Accordingly, based on the current record, the court finds that defendants are not entitled to summary judgment dismissing the complaint.

## **CONCLUSION**

For the foregoing reasons, plaintiffs motion for partial summary judgment (Item 25) is denied, and defendants' cross-motion for summary judgment (Item 27) is likewise denied.

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated:   12/12                , 2008
p:\pending\2007\07-297.oct31.08