UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NOSAW (Neighbors Organized to Save
Amherst's Wetlands), et al.,

                              Plaintiffs,

            -vs-                                          07-CV-297-JTC

ACQUEST WEHRLE, LLC, et al.,

                              Defendants.

_____

In this action, filed in May 2007, no action has been taken by plaintiffs since

February 2009.  Accordingly, in an order entered September 9, 2011 (Item 54), the court

directed the parties to file within thirty days sworn affidavits explaining in detail why this

case should not be dismissed for failure to prosecute, in accordance with Local Rule

41(b).[1]  As of the date of this writing, no such submission has been made on behalf of

plaintiffs.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an

action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order,
> a defendant may move to dismiss the action or any claim against it.  Unless

_____

[1]Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York provides:

**Involuntary Dismissal.**  If a civil case has been pending for more than six months and is
not in compliance with the directions of the Judge or a Magistrate Judge, or if no action
has been taken by the parties in six months, the Court shall issue a written order to the
parties to show cause within thirty days why the case should not be dismissed for failure
to comply with the Court's directives or to prosecute.  The parties shall respond to the
order by filing sworn affidavits explaining in detail why the action should not be dismissed.
They need not appear in person.  No explanations communicated in person, over the
telephone, or by letter shall be accepted.  If the parties fail to respond, the Judge may
issue an order dismissing the case, or imposing sanctions, or issuing such further
directives as justice requires.

the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).  While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).  As explained by the Second Circuit, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

> Failure to prosecute is not defined in Rule 41(b).  It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.  The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.  Such conduct may warrant dismissal after merely a matter of months, or may stretch out over a period of years ....

> The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently.  Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases.  Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.

*Id.* at 42-43 (citations omitted).

At the same time, involuntary dismissal "is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies

plaintiff his day in court.  As a result, it is reserved for use only in the most extreme circumstances." *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 251 (2d Cir. 2004).  In recognition of this limitation on the trial court's "undoubtedly wide latitude" to manage its caseload, *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (quoting *Merker v. Rice,* 649 F.2d 171, 173-74  (2d Cir. 1981)), the Second Circuit has established the following list of factors for the court to consider when contemplating *sua sponte* involuntary dismissal of a plaintiff's case: (1) the duration of the plaintiff's failures, (2) whether the plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions.  *See Nita v. Connecticut Dept. of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994). "Generally, no one factor is dispositive."  *Id.*

Courts applying these standards have frequently found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time.  *See, e.g., Shannon v. General Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (nearly two years between denial of leave to amend and Rule 41(b) notice); *Balkum v. County of Monroe*, 2011 WL 4841058, at *2 (W.D.N.Y. Oct. 12, 2011) (18-month delay in prosecution by *pro se* plaintiff found to be "significant");  *Myvett v. Rosato*, 2004 WL 1354254, at *2 (S.D.N.Y. 2004) ("That nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal."); *Ahmed v. I.N.S.*, 911 F. Supp. 132, 134-35

(S.D.N.Y. 1996) ("No substantive activity by the Plaintiff in thirty-five months from the commencement of this action, or sixteen months from the last Order issued in this action is sufficient to support dismissal of this action, with prejudice, for failure to prosecute."); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (plaintiff's failure to take any "specific and concrete action" for nineteen months warranted dismissal for failure to prosecute).

As alluded to above, it is apparent that no action at all has been taken by plaintiffs in this case since February 13, 2009, when plaintiffs' counsel appeared on behalf of his clients at a settlement conference before Magistrate Judge H. Kenneth Schroeder, Jr. (*see* Item 48).  In addition, during a pretrial conference in September 2007, plaintiff's counsel represented his intent to file a motion for preliminary injunctive relief within three weeks (*see* Item 8).  The court subsequently granted several extensions of the time within which to file the motion, but it was never filed.  Instead, in September 2008, plaintiffs filed a motion for partial summary judgment, which this court ultimately found to be deficient both procedurally and substantively.  *See* Item 43.  Clearly, this litigation history of repeated requests for continuances followed by groundless motion practice, considered alongside the nearly three-year period of inaction, is sufficient to demonstrate a lack of due diligence in the prosecution of the lawsuit.  Moreover, because plaintiffs have ignored the court's order requiring a detailed explanation for the failure to prosecute, "the delay in this case appears to have no ending point …."  *Jenkins v. City of New York*, 176 F.R.D. 127, 130 (S.D.N.Y. 1997).  Accordingly, the long duration of the plaintiffs' failure to take any "specific

and concrete action" to advance the litigation is a factor weighing strongly in favor of dismissal. *West*, 130 F.R.D. at 525.

With regard to notice, the Second Circuit held in *Shannon* that, where the plaintiff is represented by counsel, receipt of a court order (1) directing the parties to file a responsive affidavit as to why the action should not be dismissed for failure to prosecute, (2) specifically advising that the case would be dismissed if no written response was submitted, and (3) referencing the local rule authorizing the court to dismiss the action if the parties failed to respond, should be deemed to constitute "ample notice" that further delays would result in dismissal for failure to prosecute. *Shannon*, 186 F.3d at 194; *cf. Staley v. Mika*, 2010 WL 3907824, at *10 & n. 31 (N.D.N.Y. Sept. 29, 2010) (federal and local rules of civil procedure provided plaintiff, who was represented by counsel, adequate notice that failure to effect proper service would result in involuntary dismissal). The court's September 9, 2011 order in this case contained this express written notice, yet plaintiffs–who have been represented by counsel at all times during the four-and-one-half-year pendency of this case–nevertheless failed to submit the required affidavit or any other document to explain why the case should remain on the court's docket despite the long period of inaction. This factor likewise weighs in favor of dismissal.

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiffs' failure to advance the litigation. However, as stated in *Lyell Theatre*, "[p]rejudice to defendants resulting from unreasonable delay may be presumed …." 682 F.2d at 43. In this case, three years of inaction without explanation must be considered sufficiently unreasonable delay to raise a presumption of prejudice to the defendants, further favoring dismissal.

-5-

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiffs' due process right to present their case. *See Norden Systems*, 375 F.3d at 257. In this regard, the Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968), *cert. denied*, 393 U.S. 1085 (1969); *see also Lucas v. Miles*, 84 F.3d 532, 535-36 (2d Cir. 1996) ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Nevertheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may tip the balance toward dismissal. *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). Thus, several courts have reasoned that dismissal of an action for unreasonable delay does not implicate the plaintiff's due process rights, since "the delay and resultant dismissal of plaintiff's case are of his own making." *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998); *see also, e.g., Feurtado*, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims); *Vohwinkel v. Pembroke Cent. School Dist.*, 2008 WL 2074078, at *4 (W.D.N.Y. May 14, 2008) (while overall effect on docket congestion was not significant, plaintiff had numerous opportunities to present his case during two-year period of inaction). Accordingly, this factor also weighs in favor of dismissal.

Finally, the court must consider whether lesser sanctions would be sufficient to remedy any prejudice resulting from the plaintiffs' inaction. *See Norden Systems*, 375 F.3d

at 257.  Upon reviewing the entire record in this case, the court finds no indication that plaintiffs intend to comply with schedules or directives set forth in court orders, or to otherwise properly continue with this litigation.   Given the long delays attributable to plaintiffs throughout the course of the litigation, the presumed prejudice to defendants as a result of those delays, and fairness to other litigants as competitors for scarce judicial resources, the court finds that any sanction short of dismissal would be ineffective.  *See Smith v. Human Res. Admin. of New York City*, 2000 WL 307367, at *3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Antonios A. Alevizopoulos and Associates, Inc. v. Comcast International Holdings, Inc.*, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (finding lesser sanctions inappropriate based on repeated failures to comply with court orders).  Accordingly, this factor also weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this case, with prejudice, is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, and under Local Rule 41(b) for failure to respond to the court's September 9, 2011 order.

The Clerk of the Court is directed to enter judgment in favor of defendants.  The parties shall bear their own costs.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   October 20, 2011
p:\pending\2007\07-297.oct19.2011

-7-